Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012
Telephone: 301-444-4600
Facsimile: 301-444-4600
Email: mac@mbvesq.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>OWENS PRECISION, INC.,<br><br>Debtor | Case No.: 19−51323−btb<br><br>Chapter: 11<br><br>Date: January 5, 2021<br><br>Time: 2:00 pm |

**FINAL APPLICATION OF THE VERSTANDIG LAW FIRM, LLC AS GENERAL REORGANIZATION COUNSEL TO DEBTOR REQUESTING APPROVAL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Maurice B. VerStandig ("Mr. VerStandig"), Brittany Woodman ("Ms. Woodman") and The VerStandig Law Firm, LLC ("VerStandig Law") (collectively, the "Petitioners"), by and through undersigned counsel, pursuant to Sections 327 and 330 of Title 11 of the United States Code, and submit this Final Fee Application (the "Application") requesting approval of compensation for services rendered and reimbursement of expenses incurred for the Petitioners' work as general reorganization counsel to Owens Precision, Inc. (the "Debtor") in this bankruptcy case. This Application is based on the points and authorities herein and the exhibits attached hereto, the *Declaration of Maurice B. VerStandig, Esq.* (the "VerStandig Declaration") filed in support of this Application, the papers and pleadings on file, judicial notice

1

of which are respectfully requested, and any arguments of counsel made at any hearings on the Application.

**Billing Summary**

| | |
|---|---|
| Fees Previously Requested | $33,906.95 |
| Fees Previously Allowed | $33,906.95 |
| Expenses Previously Requested | $2,584.34 |
| Expenses Previously Allowed | $2,584.34 |
| Total Fees & Expenses Previously Allowed[1] | $36,491.29 |
| Retainer (Pre-Petition) | $10,000.00 |
| Drawn on Retainer (Post-Petition) | $10,000.00 |
| Remaining Retainer | $0.00 |
| Total Fees During Compensation Period | $41,047.50 |
| Discount | $4,104.75 |
| Total Fees Requested [2] | $45,419.49 |
| Total Expenses Requested | $1,927.98 |
| **Total Fees & Expenses Requested** | **$47,347.47** |
| Total Hours Requested | 200.1 |
| Blended Hourly Rate[3] | $184.62 |

---

[1] As reflected on the billing attached hereto, all fees and expenses previously allowed have been paid in full.
[2] VerStandig Law previously sought – and was awarded – fees pursuant to an interim fee application (DE #154), in which the fees sought included a 20% hold back. The sum sought herein is inclusive of the monies previously held back and, as such, greater than the fees incurred in the compensation period.
[3] The blended rate takes into account the 10% discount noted above.

2

**Jurisdiction and Venue**

On November 13, 2019 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing its bankruptcy case (the "Chapter 11 Case"). At all times relevant to this application, the Debtor was authorized to operate its business and property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As noted *infra,* the fees and expenses sought herein necessarily precede the appointment of a Chapter 11 Trustee herein. The Debtor is a small business debtor and no official committees have been appointed in its Chapter 11 Case.

The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Petitioners consent to the entry of final orders and judgments by the bankruptcy judge if it is determined that the bankruptcy judge, absent the consent of the parties, cannot enter final orders or judgments in this matter consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

Owens is a Nevada corporation in accordance with Nevada state laws. The Debtor operates as a Nevada-based CNC machining shop that provides design and engineering solutions for commercial and industrial clients through its manufacturing services. The Debtor's principal place of business and location of principal assets is located at 5966 Morgan Mill Road, Carson City, Nevada 89701.

On December 09, 2019, VerStandig Law filed its Amended Application for Employment *nunc pro tunc* to the Petition Date as Debtor's general reorganization counsel (ECF No. 55), and

3

on January 28, 2020 the Court entered an order granting the Debtor's Application (ECF No. 92).

All legal services for which compensation is requested by Debtor's former counsel[4] were performed for and on behalf of Debtor and not on any individual creditor or other person.

**Relief Requested**

This is the final fee application for allowance of compensation and reimbursement of expenses filed by VerStandig Law in this Chapter 11 Case. This Application covers the period from October 27, 2019 (the date upon which VerStandig Law began preparing to file Debtor's voluntary petition) through and including October 21, 2020 (the "Compensation Period"). For the Compensation Period, VerStandig Law requests all fees for services rendered less those fees paid pursuant to the Petitioners' First Interim Application (DE #177), less a ten percent (10%) discount for fees newly sought herein, with the total fees sought herein being $45,419.49. The Petitioners also seek expense reimbursements of $1,927.98, being all expenses incurred following the First Interim Application's filing herein. The total sought herein is thusly $47,347.47.

During the Compensation Period, VerStandig Law's attorneys and paraprofessionals expended a total of 200.1 hours for which compensation is sought. Based upon the 200.1 total hours incurred, as compared with the $41,047.50 in total fees during the Compensation Period and the ten percent (10%) discount, VerStandig Law is seeking compensation at an effective blended hourly rate of $184.62.

---

[4] The Petitioners ceased to be Debtor's counsel when a Chapter 11 trustee was appointed herein on October 21, 2020. DE #217. *See Morrison v. U.S. Trustees*, 2010 WL 2653394, at *3 (E.D. N.Y. 2010) ("Once the trustee is appointed, the trustee becomes the estate's sole representative.") (citing 11 U.S.C. § 323(a)); *Lamie v. U.S. Trustee*, 540 U.S. 526, 532 (2004) (noting that when a debtor ceases to be a debtor-in-possession (albeit in the prism of a Chapter 7 conversion), such "terminate[s] [the debtor's] status as debtor-in-possession and so terminate[s] [counsel's] service under § 327 as an attorney for the debtor-in-possession.").

An itemization by month of these fees and expenses incurred is attached hereto as **Exhibit A** and is incorporated herein by that reference. **Exhibit A** provides a summary of professional services rendered, which summary identifies the professionals who rendered services during the Compensation Period, the total hours expended by each professional, and each professional's hourly rate. Additionally, **Exhibit A** identifies and provides chronologically for the Compensation Period: (a) the dates on which VerStandig Law performed the professional services for Debtor; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performed such services (charged in units of one-tenth [0.1] of an hour); (d) specific daily descriptions of the services performed by each person; and, (e) a summary of actual and necessary out-of-pocket expenses incurred and paid by VerStandig Law during the Compensation Period. Minor redactions have been made to **Exhibit A** solely for purposes of protecting the attorney/client privilege and the attorney work product privilege.

**Exhibit B** attached hereto includes the Fees and Expenses Table shown herein under the Tasks Performed During Compensation Period. The Table has each time entry grouped by task category.

**Exhibit C** attached hereto is the declaration of VerStandig Law's managing member, Maurice VerStandig, in support of this Application.

VerStandig Law also seeks ratification of this Application as an approved allowed interim §503(b) administrative expense pursuant to 11 U.S.C §§330 and 331 and asks the fees allowed for hereunder be distributed from the Debtor's estate as soon as economically feasible in the judgment of the Chapter 11 Trustee but, in any event, prior to distribution of monies to any unsecured creditor herein.

**Tasks Performed During Compensation Period**

The legal services rendered by Debtor's counsel on behalf of Debtor's bankruptcy estate were necessary to the administration of the Debtor's estate. With respect to the allocation of time expended by VerStandig Law concerning legal services performed on behalf of Debtor in administering Debtor's estate, the following is relevant:

**Tasks – Hours – Fees -Expenses Summary for Application:**

| Task No. | Work Category | Hours | Fees |
|---|---|---|---|
| 1. | Case Administration and General Bankruptcy Matters | 131.5 | $26,680.00 |
| 2. | Matters Related to the Contemplated Appointment – and Appointment – of a Chapter 11 Trustee | 5.4 | $1,935.00 |
| 3. | Cash Collateral Obligations and Work with Secured Creditor UMB | 9.6 | $1,882.50 |
| 4. | Work with Other Creditors and Their Respective Claims | 35.7 | $6,877.50 |
| 5. | Discovery Matters | 17.9 | $1,855.00 |

|  | Discount |  | ($4,104.75) |
|---|---|---|---|
|  | TOTAL HOURS | 200.1 |  |
|  | TOTAL FEES |  | $36,942.75 |

**Expenses—Categories—Totals:**

|  | CourtCall | $30.00 |  |
|---|---|---|---|
|  | Mailing & Postage | $1,897.98 |  |
|  | TOTAL EXPENSES | $1,927.98 |  |

With the allocation of the legal services and expenses described above, including the discount provided to Debtor's estate by VerStandig Law, Debtor's counsel believes this Application is reasonable and that the legal fees and expenses incurred benefitted the Debtor's estate.

## **Argument**

### A. Standard

Section 330 of the Bankruptcy Code provides that a court may award a professional employed pursuant to section 327 of the Bankruptcy Code "reasonable compensation for actual and necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(3) of the Bankruptcy Code provides that "[i]n determining the amount of reasonable compensation to be awarded to [a] . . .professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including the following:

(A) the time spent on such services;

(B) the rates charged for such services;

7

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

A customary review of a fee application starts with a determination of the "lodestar," by multiplying a reasonable number of hours expended by a reasonable hourly rate. *See Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991); *In re Powerine Oil Co.*, 71 B.R. 767, 770 (B.A.P. 9th Cir. 1986) (quoting *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983)).

Bankruptcy courts frequently consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases. The Ninth Circuit Court of Appeals endorsed the *Johnson* tests in *Yermakov*, 718 F.2d at 1471. In *In re Pacific Express, Inc.*, 56 B.R. 859 (Bankr. E.D. Cal. 1985), the Bankruptcy Court for the Eastern District of California stated Courts should apply the *Johnson* factors and then adjust the fee as necessary. The pertinent factors to be considered in establishing fees for legal services rendered are: (a) the time and labor required, the novelty and the difficulty of the questions involved, and the skill required to perform the legal services properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee customarily charged for similar services; (d) the amount involved and the results obtained; (e) the time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than in regular business hours; (f) the nature and

length of the professional relationship with the client; (g) the experience, reputation, and ability of the lawyers performing the services; and (h) whether the fee is fixed or contingent. *See id.*; *see also In re First Colonial Corp. of Am.*, 544 F.2d 1291 (5th Cir. 1977); American Bar Association's Code of Professional Responsibility, Disciplinary Rule 2-106.

Additionally, a bankruptcy court may examine the circumstances and manner in which services are performed and results achieved to determine a reasonable fee. *See Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000). Such examination includes a review of the following factors:

>	(a) Whether the services were authorized;
>
>	(b) Whether the services were necessary or beneficial to the administration of the estate at the time they were rendered;
>
>	(c) Whether the services adequately documented; and
>
>	(d) Whether the fees requested are reasonable, taking into consideration the factors set forth in section 330(a)(3).

*Id.*; *see also Leichty v. Neary (In re Strand)*, 375 F.3d 854, 860 (9th Cir. 2004); *see also In re Las Vegas Monorail Co.*, 458 B.R. 553, 557 (Bankr. D. Nev. 2011) (holding that while the services need not "result in a material benefit to the estate[,]" approval of fees is contingent upon a showing "that the services were 'reasonably likely' to benefit the estate at the time the services were rendered").

**B. The Fees for Services Rendered and Expenses Incurred Should be Allowed and Reimbursed**

The compensation of VerStandig Law's attorneys and paraprofessionals are proposed at varying hourly rates with partners at Four Hundred Dollars and No Cents ($400.00) per hour, and associate attorneys at One Hundred Seventy Five Dollars and No Cents ($175.00) per hour, and the standard paralegal rate of One Hundred Dollars and No Cents ($100.00) per hour, with all time recorded in increments of one-tenth (1/10) of an hour and all time entries rounded up to the next increment of one-tenth (1/10) of an hour. The foregoing are VerStandig Law's current customary hourly rates, and VerStandig Law submits that such rates are reasonable in light its

9

experience and the complexity of the work involved.

Pursuant to section 330(a)(1) of the Bankruptcy Code, the Court may award the debtor's attorneys reasonable compensation for all actual, necessary services rendered by such attorneys and paraprofessionals employed by them based on the nature, extent and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case. The Court may also award reimbursement for all actual, necessary expenses incurred pursuant to this same section.

VerStandig Law's requested professional compensation during the Compensation Period is fair and reasonable under the circumstances of this case and its representation of Debtor therein. Each VerStandig Law professional and paraprofessional brought a level of expertise and experience which inured to the benefit of Debtor and its estate. Further, the hourly rates charged by each professional and paraprofessional are fair and reasonable with respect to the expertise and experience of each respective professional and paraprofessional.

The professional services performed by VerStandig Law were necessary and appropriate to the administration of the Chapter 11 Case, and were in the best interests of the Debtor, the estate, creditors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed thoroughly and in an efficient manner. VerStandig Law's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in a competitive legal market.

Additionally, VerStandig Law understands Debtor is a small business, and therefore VerStandig Law has provided Debtor with a discount off of fees in the amount of $4,104.75. VerStandig Law has carefully reviewed the detailed time records submitted with the Application and exercised appropriate billing judgment. VerStandig Law has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which VerStandig Law is seeking compensation and reimbursement as set forth in this Application, except as permitted by section 504(b)(1) of the Bankruptcy Code.

In sum, the professional fees for legal services rendered are reasonable, actual and

necessary under the circumstances of this Chapter 11 Case, and therefore should be allowed.

The items for which expense reimbursement are being sought are not included in VerStandig Law's overhead, and are not, therefore, a part of the hourly rates charged by VerStandig Law. The expenses incurred for the Compensation Period include: (a) CourtCall; and (b) printing and postage correlative to the distribution of a proposed plan of reorganization and accompanying disclosure statement.

### Conclusion

WHEREFORE, Debtor's counsel, The VerStandig Law Firm, LLC, respectfully prays this Honorable Court (i) finally ratify and approve those fees previously awarded to VerStandig Law; (ii) grant a final allowance of the total attorney's fees and full reimbursement of the expenses incurred be made to The VerStandig Law Firm, LLC, for the time period of from October 27, 2019 through and including October 21, 2020; (iii) award VerStandig Law reimbursement of new fees and expenses in the amount of $47,347.47; (iv) ratify this Application as an approved allowed interim §503(b) administrative expense pursuant to 11 U.S.C §§330 and 331, to be paid from the Debtor's estate; (v) direct the Chapter 11 Trustee to pay the fees and expenses awarded hereunder as soon as economically feasible in the judgment of the Chapter 11 Trustee but, in any event, prior to distribution of monies to any unsecured creditor herein; and (vi) afford such other and further relief as may be just and proper.

/

/

/

/

/

/

Dated: November 18, 2020

                                    Respectfully submitted,

                                    THE VERSTANDIG LAW FIRM, LLC

                                    */s/ Maurice B. VerStandig*
                                    Maurice B. VerStandig, Esq.
                                    Nevada Bar No. 15346
                                    THE VERSTANDIG LAW FIRM, LLC
                                    1452 W. Horizon Ridge Pkwy, #665
                                    Henderson, NV 89012
                                    Telephone: 301-444-4600
                                    Facsimile: 301-444-4600
                                    Email: mac@mbvesq.com
                                    *Former Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on November 18, 2020, a true and correct copy of this filing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this filing is being served on counsel of record and parties in interest on this day via transmission of Notices of Electronic Filing generated by CM/ECF.

                                    /s/ *Maurice B. VerStandig*
                                    Maurice B. VerStandig